# Love *et al. v.* Coker.

*Bill in Equity to compel Determination of Claim to Land and to quiet Title.*

1. *Statutory bill to quiet title; not necessary to specify source of complainant's title.*—In order to maintain a bill under the statute for the determination of claims to land and to quiet title, (Code, §§ 809-813), it is not necessary that the complainant should specify the source of his title; the averment that the complainant "is the owner and in peaceable possession of" the lands described in the bill being a sufficient allegation as to his possession.

[Love *et al.* v. Coker.]

APPEAL from the City Court of Anniston.

Tried before the Hon. THOMAS W. COLEMAN, JR.

The bill in this case was filed by the appellee, L. C. Coker, against the appellants, Mrs. S. L. Alexander and John M. Love, and its averments were in words and figures as follows: "First. That orator is the owner and in the peaceable possession of the following described lands, viz.: The southeast quarter of the northeast quarter of section two, township fifteen south, range six east in Calhoun county, Alabama. That orator has been the owner, and in possession of the said tract of land for a long time, to-wit, more than fifteen years, and has been in possession, claiming and exercising acts of ownership over the entire interest in said land, both of surface and mineral rights. That there is no suit pending to enforce or test the validity of the title to orator's right to said lands.

"Second. That orator is informed and believes, and thereupon charges, that one Mrs. S. L. Alexander, who is a resident of said county of full age, and John M. Love, who is of full age, claim or are reputed to claim some right, title or interest in or incumbrance on the said lands, and that no suit is pending to test the validity of the title or claim to said land by the said Mrs. Alexander and said Love.

"The premises considered, orator prays that the said Mrs. Alexander and John M. Love be made parties respondent to this bill of complaint, and that they each be required to plead, answer or demur hereto within the time prescribed by law and the rules of your Honor's court, and that they be required to specify and set forth the title, claim, interest or incumbrance that they each claim into or upon said lands, and how or by what instrument the same is derived and created; and that upon a final hearing your honor will settle the title to such lands, and remove the claim made by the said Mrs. Alexander and John M. Love as a cloud on your orator's title; and orator prays for such other or further general relief as in equity he may be entitled to."

To this bill the defendant demurred upon the grounds: 1. That the bill fails to aver that the com-

plainant was in the peaceable possession of the mineral interest in the lands described in the bill; and 2d, that the orator fails to allege or specify the source of his title to the lands alleged in the bill.

On the submission of the cause upon this demurrer, the chancellor rendered a decree overruling it. From this decree the respondent appeals, and assigns the rendition thereof as error.

MATTHEWS & WHITESIDE, for appellants, cited 2 Brick. Dig. 332, § 32; *City Council v. Hughes,* 65 Ala. 201; 55 N. Y. 583; 14 Am. Rep. 322.

KNOX, ACKER & BLACKMON, *contra.*—The demurrer to this bill was properly overruled. The court has held in several cases, that where a bill sets forth the facts which entitle the complainant to relief, it is no objection to the bill that it avers cumulative facts.—*Worthington v. Miller,* 134 Ala. 420; *Noble v. Moses,* 81 Ala. 548.

SHARPE, J.—The bill purports to have been filed under the statute (Code, 1896, Art. 13, Chap. 16) providing for "the determination of claims to land and to quiet title." The statute in a general way, prescribes what a bill brought thereunder must contain; and from its omission to include a complainant's source of title among the matters expressly required to be contained, it is legally implied that averments of such source was not intended to be made essential.

In its averment that "Orator is the owner and in the peaceable possession of" the land described, the bill sufficiently conforms ·to the statutory requirement as to alleging possession. That averment is not destroyed or weakened but is only particularized by the further averment that "Orator has been the owner, and in possession of the said tract of land for a long time, towit, more than fifteen years, and has been in possession, claiming and exercising acts of ownership over the entire interest in said land, both of surface and mineral right." The demurrer was properly overruled.

Decree affirmed.